Cheshire
No. 83-317

# THE STATE OF NEW HAMPSHIRE

v.

# JAMES H. PLAUT

April 16, 1984

*Gregory H. Smith*, attorney general (*Amy L. Ignatius*, attorney, on the brief and orally), by brief for the State.

*James E. Duggan*, appellate defender, of Concord, by brief for the defendant.

## MEMORANDUM OPINION

The defendant was indicted by the Cheshire County Grand Jury which alleged that James Plaut did "recklessly cause serious bodily injury" to John Hudson. The defendant was convicted, following a trial by jury in Superior Court (*Dunn*, J.), of second-degree assault, a class B felony. RSA 631:2, I (Supp. 1983). The defendant appeals on the ground that there was insufficient evidence of "serious bodily injury" to warrant a finding of second-degree assault. We affirm.

■■ Whether the victim's injuries constituted "serious bodily injury" was a question of fact for the jury to decide. As with any

sufficiency of the evidence claim, this court on review will overturn a verdict only if "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *State v. Cyr*, 122 N.H. 1155, 1159–60, 453 A.2d 1315, 1318 (1982); *Jackson v. Virginia*, 443 U.S. 307, 324–25 (1979). All evidence must be considered in the light most favorable to the State. *State v. Hamel*, 123 N.H. 670, 678, 466 A.2d 555, 559 (1983).

The jury in this case heard testimony from the victim, who described the injuries he suffered at the hands of the defendant. The jurors had full opportunity to assess his credibility and give whatever weight to his testimony they deemed appropriate.

The victim described slipping in and out of consciousness immediately after the assault, as well as his inability to move at the time of the assault. He also described the presence of blood in his urine, dizziness and inability to walk steadily during his two-day stay at the hospital, and the pain and reduced mobility he experienced after his release from the hospital. We hold that this testimony, viewed in the light most favorable to the prosecution, supports the verdict, and that a rational jury could have found beyond a reasonable doubt that the victim had suffered "serious bodily injury." *See State v. Kiluk*, 120 N.H. 1, 4, 410 A.2d 648, 650 (1980).

*Affirmed.*