NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

———————————————

Merrimack
No. 2014-0362


THE STATE OF NEW HAMPSHIRE

v.

JAMES F. HOUGHTON

Argued: June 24, 2015
Opinion Issued: October 14, 2015


Joseph A. Foster, attorney general (Elizabeth C. Woodcock, assistant attorney general, on the brief and orally), for the State.

Thomas Barnard, senior assistant appellate defender, of Concord, on the brief and orally, for the defendant.


BASSETT, J. Following a jury trial in Superior Court (Smukler, J.), the defendant, James F. Houghton, was convicted on 23 charges of possession of child pornography. See RSA 649-A:3, I(a) (Supp. 2014). On appeal, the defendant argues that the evidence at trial was insufficient to prove beyond a reasonable doubt that: (1) 15 of the charges involved depictions of individuals under the age of 18; and (2) one of the charges involved a depiction of "sexually explicit conduct." Id. We conclude that, as to nine of the charges, the evidence was insufficient to prove beyond a reasonable doubt that the individuals depicted in the photographs were under the age of 18. Accordingly, we affirm in part, and reverse in part.

The jury could have found, or the record establishes, the following facts. In August 2011, three police officers with the Henniker Police Department executed a search warrant at the defendant's residence. As a result of the search, officers seized a laptop computer belonging to the defendant. The defendant was indicted on 23 charges of possession of child pornography. See id. Each charge is based upon a single digital image or movie file found on the defendant's computer.

At trial, the State introduced 23 images or movie files into evidence as numbered exhibits 1 through 23. At the close of the State's case, the defendant moved to dismiss the indictments that were based upon exhibits 11, 13, and 15, arguing that, because "[y]ou cannot see the faces of the individuals," the jury "will not be able to make a determination that they were . . . images of child pornography." The trial court denied the motion. The jury subsequently convicted the defendant on all 23 charges. This appeal followed.

On appeal, the defendant argues that the evidence was insufficient for the jury to have concluded beyond a reasonable doubt that the charges based upon exhibits 1 through 15 depicted individuals under the age of 18. The defendant does not challenge his convictions on the charges based upon exhibits 16 through 23, conceding that the individuals depicted in those exhibits "are sufficiently youthful to exclude any reasonable possibility that they are eighteen or older." In addition, the defendant argues that the evidence was insufficient to convict him on the charge based upon exhibit 3, because the photograph does not depict "sexually explicit conduct." See RSA 649-A:2, III (Supp. 2014). The State argues that the evidence was sufficient to convict the defendant of all 15 charges on appeal.

When considering a challenge to the sufficiency of the evidence, we objectively review the record to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, considering all the evidence and all reasonable inferences therefrom in the light most favorable to the State. State v. Francis, 167 N.H. __, __, 117 A.3d 158, 163 (2015). "Because a challenge to the sufficiency of the evidence raises a claim of legal error, our standard of review is de novo." State v. Kay, 162 N.H. 237, 243 (2011). Further, because the defendant argues — and the State does not contest — that the State relied solely upon circumstantial evidence to prove that the individuals depicted were under the age of 18, we will assume, without deciding, that the images are circumstantial evidence of the age of the individuals depicted. "When the evidence is solely circumstantial, it must exclude all reasonable conclusions except guilt." State v. Zubhuza, 166 N.H. 125, 130 (2014) (quotation omitted). Thus, we evaluate the evidence in the light most favorable to the State and determine whether the

alternative conclusion is sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt. Id.

RSA 649-A:3, I(a) states that "[n]o person shall knowingly . . . [b]uy, procure, possess, or control any visual representation of a child engaging in sexually explicit conduct." "Child" is defined as "any person under the age of 18 years." RSA 649-A:2, I (Supp. 2014). Thus, the State had the burden of proving beyond a reasonable doubt that the subjects depicted in the exhibits were "under the age of 18 years." Id.

We have previously observed that "[t]he determination of the age of the subjects in [a] photograph is for the trier of fact, relying on everyday observations and common experiences." State v. Cobb, 143 N.H. 638, 646 (1999) (quotation omitted) (decided under prior version of RSA 649-A:3). "In determining child pornography, based upon its everyday experiences, a trier of fact can determine from a photograph whether" the subject is under the age of 18. Id. (quotation and brackets omitted); see also State v. Clark, 158 N.H. 13, 18 (2008) (holding that State is not required to produce evidence beyond images themselves to prove that pornography depicts real, rather than virtual, children).

The defendant challenges the sufficiency of the evidence with regard to the age of individuals depicted in exhibits 1 through 15. He acknowledges, however, that at trial he moved to dismiss only those charges that were based upon exhibits 11, 13, and 15. Accordingly, we first address his sufficiency of the evidence challenge regarding the charges based upon exhibits 11, 13, and 15 utilizing our sufficiency standard of review. We use our plain error standard of review with regard to the remaining charges. See State v. Guay, 162 N.H. 375, 380 (2011).

After a review of exhibits 11, 13, and 15, we conclude that, even viewing the images in the light most favorable to the State, the photographic evidence was insufficient for a jury to conclude beyond a reasonable doubt that exhibits 11 and 15 depict individuals "under the age of 18 years." RSA 649-A:2, I. Because the face of the individual in exhibit 11 is almost completely obscured, we cannot conclude that a rational trier of fact could have found, beyond a reasonable doubt, that the individual was less than 18 years old. Moreover, the individual in exhibit 11 appears to have undergone puberty. Exhibit 15 is so heavily pixelated that we can discern very little that might be relevant to a determination of the age of the individual in the photograph. Therefore, because the images do not allow us to conclude that a rational trier of fact could have found, beyond a reasonable doubt, that the individuals depicted are under 18 years old, we reverse the convictions based upon exhibits 11 and 15.

By contrast, when viewed in the light most favorable to the State, we conclude that the individual depicted in exhibit 13 is sufficiently visible — and her physical characteristics are sufficiently apparent — that a rational trier of fact could have concluded beyond a reasonable doubt that the individual in the photograph is younger than 18 years old. Accordingly, we affirm the conviction on the charge that is based upon exhibit 13.

We now turn to the defendant's challenge to the sufficiency of the evidence regarding the remaining 12 charges on appeal. Because the defendant failed to preserve his sufficiency challenge, we conduct a plain error analysis of his arguments on appeal. Guay, 162 N.H. at 380. "Under the plain error rule, we may consider errors not raised before the trial court." Id. "However, the rule should be used sparingly, its use limited to those circumstances in which a miscarriage of justice would otherwise result." Id. (quotation omitted). "To find plain error: (1) there must be an error; (2) the error must be plain; (3) the error must affect substantial rights; and (4) the error must seriously affect the fairness, integrity or public reputation of judicial proceedings." Id. (quotation omitted).

With regard to exhibits 4, 5, 6, 8, and 14, the images are of sufficient size and resolution to allow us to conclude that they depict unmistakably underage individuals. When viewing them in the light most favorable to the State, we conclude that a rational trier of fact could have determined, beyond a reasonable doubt, that the individuals depicted are under 18 years old. Accordingly, we affirm the convictions on the charges based upon exhibits 4, 5, 6, 8, and 14.

In contrast, as to exhibits 1, 2, 3, 7, 9, 10, and 12, we conclude that no rational trier of fact, even viewing the evidence in the light most favorable to the State, could conclude beyond a reasonable doubt that the images depict individuals under the age of 18. These exhibits each have at least one attribute — either extreme image pixelation or the depiction of an individual with mature physical development — that does not enable to us conclude that a rational trier of fact could have found beyond a reasonable doubt that the individuals depicted are under the age of 18. Cf. Clark, 158 N.H. at 18 (concluding that the images in that case were "not of such inferior quality or insufficient size" and the trial court could have determined that the images depicted a real, rather than virtual, child).

The State argues that, in addition to the physical development and appearance of the individuals, exhibits 7 and 10 contain other indicia that the individuals depicted are under 18 years old. Specifically, the State points to the presence, in exhibit 7, of stuffed animal toys and posters of musicians purportedly from "young teen magazines." With regard to exhibit 10, the State

4

argues that the use of the word "teen" in the title of the image file supports its argument that the individual is under 18 years old.

Although when viewed in the light most favorable to the State, the presence of toys, posters of musicians, and the use of the word "teen" may suggest that the individuals depicted are young, they do little to prove that the individuals depicted are actually under the age of 18. As for objects depicted in the images, we observe that stuffed animal toys as well as pictures of young musicians are not possessed solely by individuals under the age of 18. Moreover, the term "teen" as used in the file name necessarily encompasses the ages of 18 and 19, and it would not be a crime under RSA 649-A:3, I(a) to possess images of individuals of these ages. Accordingly, we conclude that this evidence, even when considered together with the physical appearance of the individuals depicted in the images, would not enable a rational trier of fact to conclude beyond a reasonable doubt that the individuals depicted are under the age of 18.

Because the evidence was insufficient for the jury to conclude beyond a reasonable doubt that exhibits 1, 2, 3, 7, 9, 10, and 12 depicted individuals under the age of 18, it was error to submit those charges to the jury. Having concluded that this was error, we must analyze the remaining prongs of the plain error standard. "Our next consideration is whether the error was plain." Guay, 162 N.H. at 384. "Under these circumstances, the State could not have met its burden of proof and the charge[s] should not have been submitted to the jury." Id. We conclude that the error was plain because the evidence was insufficient to prove an essential element of the crime: that the individuals depicted were under the age of 18. See RSA 649-A:2, I, :3, I(a).

As for the third prong of the plain error test, "to satisfy the burden of demonstrating that an error affected substantial rights, the defendant must demonstrate that the error was prejudicial, i.e., that it affected the outcome of the proceeding." State v. Lopez, 156 N.H. 416, 425 (2007). We conclude that the error here "affected the defendant's substantial rights because the trial court's failure to dismiss the charge[s] at the close of the evidence led to his conviction on the charge[s]." Guay, 162 N.H. at 384.

We turn to the fourth and final prong of the plain error test: "the error must seriously affect the fairness, integrity or public reputation of judicial proceedings." Id. at 380 (quotation omitted). "[B]ecause the defendant was convicted based upon insufficient evidence of guilt, to allow the defendant's conviction to stand would seriously affect the fairness and integrity of judicial proceedings." Id. at 384. Accordingly, we reverse the defendant's convictions on the charges that were based upon exhibits 1, 2, 3, 7, 9, 10, and 12.

5

Because we reverse the conviction based upon exhibit 3 on sufficiency grounds regarding the age of the individual depicted, we need not address the defendant's argument that exhibit 3 does not depict "sexually explicit conduct." See RSA 649-A:3, I(a). Issues raised in the notice of appeal, but not briefed, are deemed waived. See State v. Perry, 166 N.H. 716, 726 (2014). The case is remanded for resentencing.

Affirmed in part and reversed in part.

DALIANIS, C.J., and HICKS, and CONBOY, JJ., concurred; LYNN, J., concurred in part, and dissented in part.

LYNN, J., concurring in part and dissenting in part. Because I conclude that no reasonable jury could find beyond a reasonable doubt that the images in exhibits 1 through 15 depict individuals under the age of 18, and because, in my view, this evidentiary deficiency is of sufficient magnitude to constitute plain error, I would reverse the defendant's convictions on all the charges based on these images. I thus concur in the majority's reversal of the convictions based on exhibits 1-3, 7, 9-12, and 15, but dissent from its affirmance of the convictions based on exhibits 4-6, 8, and 13-14.

The majority properly recognizes that there are limits to our observation in State v. Cobb, 143 N.H. 638 (1999), that "[t]he determination of the age of the subjects in [a] photograph is for the trier of fact, relying on everyday observations and common experiences." Cobb, 143 N.H. at 646 (quotation omitted). Despite this statement, we cannot simply defer to the jury's determination of age under any and all circumstances. Rather, we retain an independent responsibility to review the evidence to determine whether it provides a basis upon which a reasonable jury could have found guilt beyond a reasonable doubt.

For the reasons stated by the majority, I agree with its conclusion that no reasonable jury could have found guilt beyond a reasonable doubt with respect to exhibits 1-3, 7, 9-12, and 15. However, unlike the majority, I am not persuaded that the images depicted in the other six exhibits meet the beyond a reasonable doubt standard. Having reviewed exhibits 1 through 15, I readily acknowledge that it is possible the individuals depicted in these images are under the age of 18. Indeed, with respect to some of the images (exhibit 5, for example), I would even concede that it is probable the individual is under 18. But, in the absence of any probative evidence of age aside from the images themselves, I do not see how a reasonable jury could be left with nothing more than a frivolous or fanciful doubt that the individuals are 18 or older. See State v. Wentworth, 118 N.H. 832, 839 (1978) (reciting model reasonable doubt jury instruction). In short, in my view, the jury's determination that any of the individuals depicted in exhibits 1 through 15 is in fact under age 18 must rely

6

on a degree of speculation that is fundamentally at odds with the standard of fact-finder confidence sufficient to support a criminal conviction.

I therefore, respectfully, in part concur with, and in part dissent from, the judgment of the court.