**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0088, <u>State of New Hampshire v. Wilfred Bergeron</u>, the court on June 30, 2017, issued the following order:**

Having considered the briefs and oral arguments of the parties and the record submitted on appeal, the court concludes that a formal written opinion is unnecessary in this case. The defendant, Wilfred Bergeron, appeals his convictions, following a bench trial upon stipulated facts, on 21 counts of distribution of child sexual abuse images (commonly referred to as child pornography). <u>See</u> RSA 649-A:3-a (2016). He argues, under both the State and Federal Constitutions, that the Superior Court (<u>Brown</u>, J.) erred by denying his motion to suppress evidence derived from the search of his America Online Inc. (AOL) user account because the search warrant failed to describe with particularity the locations to be searched and the items to be seized. <u>See</u> N.H. CONST. pt. I, art. 19; U.S. CONST. amend. IV. He also argues, under our plain error rule, <u>see</u> <u>Sup. Ct. R.</u> 16-A, that the evidence was insufficient to prove, beyond a reasonable doubt, that the images associated with five of the indictments depict sexually explicit conduct. <u>See</u> RSA 649-A:2, III, :3, I (2016). He further challenges, under our plain error rule, one of those five indictments on the ground that the image associated with that indictment does not depict a child. <u>See</u> RSA 649-A:2, I (2016), :3, I. We affirm in part, reverse in part, and remand.

<u>I. Motion to Suppress</u>

The search warrant in this case sought the following from the Virginia headquarters of AOL:

> Subscriber and account information and history, payment history, detailed billing, Buddy Lists, profiles, address books, ANI information, IP connection log data, all photos, files, data or information created or stored, any read and/or unread and/or sent and/or deleted e-mail and any files attached to e-mail, and any other information maintained by or within the databases of AOL Inc. and/or AIM and any accounts associated with [the defendant's] screen name.

The search warrant was issued in relation to the offense of possessing child sexual abuse images. The affidavit submitted in support of the police application for the search warrant requested "a search of the AOL, INC[.] or

America Online servers or storage location(s) related to" the defendant's AOL e-mail address and averred that the evidence for which the police sought permission to search "all constitute evidence of violations of . . . RSA 649-A."

The defendant moved to suppress evidence obtained from the warrant on the ground that the warrant failed to describe, with particularity, the place to be searched, because "[i]t did not limit the search to records created close in time to July 2013," when the police received several "cyber tips," and because it did not limit "the search to the 8 year time frame (2007 – 2015) requested in the affidavit." At the hearing on the motion to suppress, defense counsel similarly asserted that the search was a "blanket search" of the defendant's "entire email account" because the warrant "place[d] absolutely no limit in terms of a time period for what records were to be seized."

The trial court denied the defendant's motion, determining that "given the tendencies of those engaged in child pornography possession and distribution" to hoard child sexual abuse images for significant periods of time, "it would have been unreasonable to place a restrictive temporal limitation on the search and risk never recovering" the e-mail messages sought. The trial court also found that "the scope of the search warrant, which authorized a search of [the] defendant's entire email account," described "with particularity the place to be searched and the objects to be seized—any emails on [his] AOL account containing material contrary to RSA 649-A:3."

On appeal, the defendant argues, under the State and Federal Constitutions, that the trial court erred by denying his motion to suppress evidence obtained from this warrant "because the warrant does not reasonably limit the files to be seized nor does it limit the search to a sufficiently particular place." See N.H. CONST. pt. I, art. 19; U.S. CONST. amend. IV. Specifically, he contends that the search warrant failed to "describe in which data locations the police could subsequently search," and, in authorizing "the police to seize all of the data associated with [his] user name[,] [i]t did not limit the seizure to files constituting evidence of a crime."

The State asserts that the defendant did not preserve these arguments for our review. The State contends that, in the trial court, the defendant only "challenged the time frame of the e-mails to be provided."

The defendant counters that his argument is preserved because, although his motion to suppress "focused on the lack of a temporal limitation," his "overarching argument concerned the general nature of the place to be searched," and because the trial court specifically ruled that the warrant described with particularity the location to be searched and the items to be seized.

"The defendant, as the appealing party, bears the burden of demonstrating that he specifically raised the arguments articulated in [his appellate] brief before the trial court." State v. McInnis, 169 N.H. 565, 573 (2017) (quotation omitted). "Generally, the failure to do so bars a party from raising such claims on appeal." Id. at 573-74 (quotation omitted). "The purpose underlying our preservation rule is to afford the trial court an opportunity to correct any error it may have made before those issues are presented for appellate review." Id. at 574 (quotation and brackets omitted).

We agree with the State that the defendant's appellate arguments are not preserved. The defendant never argued in the trial court, as he argues on appeal, that the search warrant was invalid because: (1) it "authorized the police to search AOL headquarters, a building in Dulles, Virginia, for the data associated with [his] user account" and, thus, "did not describe in which data locations the police could subsequently search"; and (2) it authorized "the police to seize all of the data associated with [his] user name," and, thus, "did not limit the seizure to files constituting evidence of a crime." Accordingly, the trial court never had an opportunity to consider those issues. See id.

We acknowledge that the trial court determined that the warrant "described with particularity the place to be searched and the objects to be seized" by seeking "any emails on [the] defendant's AOL account containing material contrary to RSA 649-A:3." To the extent that the defendant believed that this determination was erroneous, it was incumbent upon him to move for reconsideration. See id.; see also N.H. Dep't of Corrections v. Butland, 147 N.H. 676, 679 (2002). The record on appeal does not demonstrate that the defendant sought reconsideration of the trial court's ruling. Thus, we conclude that the defendant has failed to demonstrate that he preserved these arguments for our review, and we decline to consider them. See McInnis, 169 N.H. at 574.

II.  Sufficiency of the Evidence

The defendant next argues, under our plain error rule, see Sup. Ct. R. 16-A, that the evidence was insufficient to prove, beyond a reasonable doubt, that the images associated with five of the indictments depicted a child engaged in sexually explicit conduct. See RSA 649-A:2, I, III, :3, I. "For us to find plain error: (1) there must be error; (2) the error must be plain; and (3) the error must affect substantial rights." State v. Mueller, 166 N.H. 65, 68 (2014) (quotation omitted). "If all three of these conditions are met, we may then exercise our discretion to correct a forfeited error only if the error meets a fourth criterion: the error must seriously affect the fairness, integrity or public reputation of judicial proceedings." Id. (quotation omitted). The plain error rule "is used sparingly, however, and is limited to those circumstances in which a miscarriage of justice would otherwise result." Id. (quotation omitted). "We have looked to the federal plain error analysis in applying our plain error rule." State v. Rawnsley, 167 N.H. 8, 11 (2014) (quotation omitted).

A. Whether there was Error

When considering a challenge to the sufficiency of the evidence, we objectively review the record to determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, considering all the evidence and all reasonable inferences therefrom in the light most favorable to the State. State v. Houghton, 168 N.H. 269, 271 (2015).

To convict the defendant of possession of child sexual abuse images, the State had to prove, beyond a reasonable doubt, that the images at issue depict a child engaged in "sexually explicit conduct." RSA 649-A:3, I(a). "Sexually explicit conduct" is defined as:

> human masturbation, the touching of the actor's or other person's sexual organs in the context of a sexual relationship, sexual intercourse actual or simulated, normal or perverted, whether alone or between members of the same or opposite sex or between humans and animals, or any lewd exhibitions of the buttocks, genitals, flagellation, bondage, or torture. Sexual intercourse is simulated when it depicts explicit sexual intercourse that gives the appearance of the consummation of sexual intercourse, normal or perverted.

RSA 649-A:2, III. To determine whether an image depicts "a lewd exhibition of the genitals" we have found the following factors to be relevant:

> 1) whether the focal point of the visual depiction is on the child's genitalia or pubic area;
>
> 2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;
>
> 3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;
>
> 4) whether the child is fully or partially clothed, or nude;
>
> 5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; [and]
>
> 6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

State v. Lopez, 162 N.H. 153, 156 (2011) (quotation omitted).

4

The defendant argues that the evidence was insufficient for a rational trier of fact to have found, beyond a reasonable doubt, that the images associated with indictments 1078913C, 1078917C, 1078919C, 1078920C, and 1078930C depict "sexually explicit conduct." Based upon our review of the images in the light most favorable to the State, and after considering the above-enumerated factors, we conclude that the evidence was insufficient for a rational trier of fact to have found, beyond a reasonable doubt, that the images associated with three of the challenged indictments — indictments 1078917C, 1078920C, and 1078930C — depict "sexually explicit conduct." As to the images associated with the remaining two challenged indictments — indictments 1078913C and 1078919C — we conclude that the evidence was sufficient for a rational trier of fact to have found, beyond a reasonable doubt, that the images depict "sexually explicit conduct." We discuss each of the challenged indictments in turn.

Indictment 1078913C: The image associated with this indictment, "Egil – 001.jpg," shows a naked, young male lying on his side on a beach towel, with his genitals exposed. The young male is facing the camera, and he is smiling. The focal point of the image is his genitals. Although the young male's penis appears to be flaccid, the image suggests sexual coyness. Viewing this image in the light most favorable to the State, we conclude that the evidence was sufficient for a rational trier of fact to have found, beyond a reasonable doubt, that this image depicts the lewd exhibition of the genitals, which constitutes "sexually explicit conduct." RSA 649-A:2, III; see Lopez, 162 N.H. at 156.

Indictment 1078917C: The image associated with this indictment, "4 Balls.jpg," shows a naked girl and boy, standing in profile, facing one another. Both children are holding tennis rackets. The girl is barefoot; the boy is wearing socks and sneakers. The girl is looking down, and the boy is looking at her. The focal point of the image is not on the children's genitals. In fact, the girl's arm obscures her genitals from view and the handle of the boy's tennis racket partially obscures his genitals from view. The setting of the image does not appear to be a place that is generally associated with sexual activity.

Viewing this image in the light most favorable to the State, we conclude that the evidence was insufficient for a rational trier of fact to have found, beyond a reasonable doubt, that this image depicts "sexually explicit conduct." Although both children are naked, "a visual depiction of mere nudity of a child, without more, is not a lewd exhibition of the genitals." Lopez, 162 N.H. at 156. The children are not shown touching their own or each other's genitals. See RSA 649-A:2, III.

Indictment 1078919C: The image associated with this indictment shows a nude, young male lying on his back on a flotation device. The image is focused upon the young male's genitals. His genitals are in the forefront of the

5

image. Viewing this image in the light most favorable to the State, we conclude that the evidence was sufficient for a rational trier of fact to have found, beyond a reasonable doubt, that this image depicts the lewd exhibition of the genitals, which constitutes "sexually explicit conduct." Id.; see Lopez, 162 N.H. at 156.

Indictment 1078920C: The image associated with this indictment shows a naked young male leaning forward, with a blank expression, while sitting on a couch or a chair. The young male is not looking directly at the camera. It appears that he may be taking a photograph of himself. The setting of this image appears to be a photography studio, which is not a place that is generally associated with sexual activity. The young male is posed naturally.

Viewing this image in the light most favorable to the State, we conclude that the evidence was insufficient for a rational trier of fact to have found, beyond a reasonable doubt, that this image depicts "sexually explicit conduct." Although the young male is naked, this, alone, is insufficient to establish that the image depicts the lewd exhibition of the genitals. See Lopez, 162 N.H. at 156. Moreover, the young male is not shown touching his genitals. See RSA 649-A:2, III.

Indictment 1078930C: This indictment concerns a videotape of a young male taking a shower. The videotape depicts the young male putting soap on his hands, legs, arms, backside, and feet. When he washes his genitals, the camera mostly shows the young male's upper body, rather than his genitals. The young male's back is turned to the camera for some of the videotape. At other times, he is seen in profile. The young male is obscured at times by a shower curtain and by shadows. After his shower, he dries himself off with a towel and puts on his underwear.

Viewing the videotaped images in the light most favorable to the State, we conclude that the evidence was insufficient for a rational trier of fact to have found, beyond a reasonable doubt, that those images depict "sexually explicit conduct." The fact that the young male is nude is insufficient, without more, to establish that the image depicts the lewd exhibition of the genitals. See Lopez, 162 N.H. at 152. Although the videotape shows the young male touching his genitals briefly, it does not show him doing so in a sexually suggestive manner and does not depict him masturbating. See RSA 649-A:2, III.

B. Remaining Prongs of Plain Error Analysis for Images Associated with Indictments 1078917C, 1078920C, and 1078930C

Having concluded that the evidence was insufficient for the trial court to have convicted the defendant on indictments 1078917C, 1078920C, and 1078930C, we now analyze the remaining prongs of our plain error test, turning next to whether the error was plain. See Houghton, 168 N.H. at 274. We conclude that the error was plain because the evidence was insufficient to

6

prove an essential element of the crime — that the images depict sexually explicit conduct.  See RSA 649-A:2, III, :3, I(a); Houghton, 168 N.H. at 274.

"As for the third prong of the plain error test, to satisfy the burden of demonstrating that an error affected substantial rights, the defendant must demonstrate that the error was prejudicial, i.e., that it affected the outcome of the proceeding."  Houghton, 168 N.H. at 274 (quotation omitted).  Here, the error affected the defendant's substantial rights because he was convicted on these indictments based upon insufficient evidence.  See id.  We similarly conclude, under the fourth prong of the plain error test, that allowing the defendant's convictions on these indictments to stand would seriously affect the fairness and integrity of judicial proceedings.  See id.  Accordingly, we reverse the defendant's convictions on indictments 1078917C, 1078920C, and 1078930C.

Because we have reversed the defendant's conviction on indictment 1078920C on the ground that the evidence was insufficient for a rational trier of fact to have found, beyond a reasonable doubt, that the image associated with that indictment depicts "sexually explicit conduct," we need not address his assertion that the evidence was also insufficient to establish that the person depicted in that image is a child.  See RSA 649-A:3-a, I.

Affirmed in part; reversed in part; and remanded.

DALIANIS, C.J., and HICKS, CONBOY, LYNN, and BASSETT, JJ., concurred.

**Eileen Fox,**
**Clerk**

7