NOTICE:  This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press.  Errors may be reported by email at the following address: reporter@courts.state.nh.us.  Opinions are available on the Internet by 9:00 a.m. on the morning of their release.  The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

———————————————

Belknap
Case No. 2023-0121
Citation: State v. Hodges, 2024 N.H. 44

THE STATE OF NEW HAMPSHIRE

v.

JERAMY HODGES

Argued: April 23, 2024
Opinion Issued: August 27, 2024

John M. Formella, attorney general, and Anthony J. Galdieri, solicitor general (Audriana Mekula, assistant attorney general, on the brief and orally), for the State.

Jason M. Novak, public defender, of Orford, on the brief and orally, for the defendant.

MACDONALD, C.J.

[¶1] The defendant, Jeramy Hodges, appeals his convictions, following a jury trial in the Superior Court (Leonard, J.), on five counts of aggravated felonious sexual assault (AFSA), including: two counts alleging cunnilingus; two counts alleging vaginal intercourse; and one count alleging a pattern of

sexual assaults that subjected the victim to sexual contact, causing her to suffer a "serious personal injury" of "severe mental anguish or trauma." See RSA 632-A:2, I(j) (2016 & Supp. 2023); RSA 632-A:2, III (2016); RSA 632-A:3, I (2016); RSA 632-A:1, I-c (2016). On appeal, the defendant argues that the trial court: (1) erred in failing to dismiss the pattern sexual assault indictment for insufficient evidence; and (2) may have erred in failing to disclose New Hampshire Division for Children, Youth and Families (DCYF) records and the victim's counseling records reviewed in camera. We affirm.

I. Background

[¶2] The jury could have found, or the record otherwise supports, the following facts. When the victim was in middle school, she primarily lived with her mother, the defendant, and her younger siblings.

[¶3] Between December 2017 and December 2020, the defendant subjected the victim to sexual contact multiple times. The victim testified that when her mother was working nights, the defendant would come into her room when her siblings were sleeping and would touch her vagina under her clothes. She further testified that "[t]here was a time or two he had me touch his penis" under his clothes. Between September 1, 2019 and December 1, 2019, the defendant, on two occasions, committed vaginal intercourse and cunnilingus on the victim. She disclosed the assaults in April 2021.

[¶4] Prior to trial, the defendant filed an assented-to motion for in camera review of "any and all DCYF records regarding" the victim, based on the significant role her credibility would play at trial. The trial court granted the defendant's motion. After reviewing the DCYF records in camera, the trial court issued an order disclosing some of the records, finding that "the enclosed records are discoverable under the applicable standards."

[¶5] On or before the day the trial was scheduled to begin in November 2022, the parties learned that the victim had attended counseling following her disclosure of the assaults in April 2021. The court ordered that her counseling records be produced for in camera review. After reviewing the counseling records in camera, the court issued an order finding that "none of the records are discoverable under the applicable standards." At a hearing the next day, the court denied defense counsel's request to reconsider its decision.

[¶6] The trial court conducted a two-day trial in November 2022. After the State rested, defense counsel moved to dismiss all the indictments, arguing that the State had not met its burden of proof. Regarding the pattern AFSA charge, defense counsel did not present an argument about the "extreme mental anguish or trauma" element of the offense. RSA 632-A:1, III; see RSA 632-A:2, I(j); RSA 632-A:3, I. The court denied the motion. The defendant then

2

presented evidence. The jury found the defendant guilty on all counts. This appeal followed.

II. Analysis

A. Sufficiency of the evidence

[¶7] We first address the defendant's argument that "[t]he State failed to present sufficient evidence that [he] inflicted serious personal injury on [the victim] because the State was required to prove that the alleged pattern assault caused [her] to suffer extreme mental anguish or trauma." The defendant asserts that "[n]o rational trier of fact could find, based on what [the victim] said at trial, that she suffered extreme mental anguish or trauma because [she] only testified to ordinary thoughts and feelings without any evidence about their degree, severity, or frequency." To the extent this argument is not preserved, the defendant invokes our plain error rule. See Sup. Ct. R. 16-A.

[¶8] The State contends that the defendant has not preserved this argument for appellate review because he did not raise it before the trial court. We agree with the State and therefore analyze the defendant's unpreserved sufficiency argument for plain error. See Sup. Ct. R. 16-A; State v. Morrill, 169 N.H. 709, 720 (2017) (reviewing an unpreserved sufficiency of the evidence challenge under plain error); State v. Houghton, 168 N.H. 269, 272 (2015) (reviewing an unpreserved sufficiency of the evidence challenge under plain error); State v. Guay, 162 N.H. 375, 380 (2011) (reviewing an unpreserved sufficiency of the evidence challenge to an AFSA conviction under plain error); State v. Lopez, 162 N.H. 153, 159 (2011) (reviewing an unpreserved sufficiency of the evidence challenge under plain error).

[¶9] Under the plain error rule, we may consider errors not raised before the trial court. Guay, 162 N.H. at 380; see Sup. Ct. R. 16-A. However, the rule should be used sparingly, its use limited to those circumstances in which a miscarriage of justice would otherwise result. Guay, 162 N.H. at 380. To find plain error: (1) there must be an error; (2) the error must be plain; (3) the error must affect substantial rights; and (4) the error must seriously affect the fairness, integrity or public reputation of judicial proceedings. Id.

[¶10] When considering a challenge to the sufficiency of the evidence, we objectively review the record to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, considering all the evidence and all reasonable inferences therefrom in the light most favorable to the State. State v. Pierce, 176 N.H. ___, ___ (2024), 2024 N.H. 12, ¶18. The trier of fact may draw reasonable inferences from facts proved as well as from facts found as the result of other inferences, provided they can be reasonably drawn therefrom. Id. We examine each evidentiary item in the context of all of the evidence, and not in isolation. Id. Because a

3

challenge to the sufficiency of the evidence raises a claim of legal error, our standard of review is de novo. Id. The defendant has the burden of demonstrating that the evidence was insufficient to prove guilt. Id. at ___, 2024 N.H. 12, ¶19. Because, here, the defendant chose to present a case, we review the entire trial record to determine the sufficiency of the evidence. State v. Saintil-Brown, 172 N.H. 110, 117 (2019).

[¶11] The pattern AFSA indictment alleged, in pertinent part, that the defendant, "on two or more occasions," "subjected [the victim] to sexual contact, and thereby caused her to suffer serious personal injury, to wit severe mental anguish or trauma." "Serious personal injury" is defined as "extensive bodily injury or disfigurement, extreme mental anguish or trauma, disease or loss or impairment of a sexual or reproductive organ." RSA 632-A:1, III. Whether the sexual contact caused the victim to suffer "extreme mental anguish or trauma" is an inquiry within the province of the jury. See State v. Plaut, 124 N.H. 813, 813 (1984) (determining that in the context of a second degree assault, "[w]hether the victim's injuries constituted 'serious bodily injury' was a question of fact for the jury to decide"); State v. Goodwin, 118 N.H. 862, 869 (1978) (whether a victim of AFSA "has suffered serious physical or psychological injury must be presented to the jury as would evidence of any other element of the crime").

[¶12] When asked how the assaults affected her emotionally, the victim testified that she "was very upset with [her]self, and [she] kind of put [her]self down for it." She explained that she has "had nightmares of it" and that "it's hard for [her] to trust people." Moreover, the jury heard testimony from the victim that the defendant — whom she had known "[b]asically, [her] whole life," who "was like [her] father because he was in [her] life more than [her] actual dad was" — assaulted the victim numerous times when she was in middle school and high school. The victim further testified that she did not tell anyone about the assaults initially because she was "afraid" and "didn't want to mess up what [her] family had and didn't want them to go through . . . life without having a father" because she "know[s] how it feels to only have one parent in your life." The jury also witnessed the victim's demeanor while testifying and heard testimony about her demeanor during her Child Advocacy Center (CAC) interviews. For example, a police detective who observed the victim's CAC interview in April 2021 testified that "she was very soft spoken when speaking about certain things, she would look down, not make eye contact with the interviewer." In addition, he testified that "[t]here were points where she became very emotional, would begin crying and had kind of curled herself up into a ball, in the chair that she was sitting in, and made herself very small."

[¶13] Considering all the evidence and reasonable inferences therefrom in the light most favorable to the State, we conclude that a rational trier of fact could have found beyond a reasonable doubt that the defendant's sexual contact with the victim caused her to suffer "extreme mental anguish or

trauma." See Pierce, 176 N.H. at ___, 2024 N.H. 12, ¶18. Accordingly, the defendant has not shown plain error.

B. In camera review

[¶14] We next turn to the defendant's arguments regarding the trial court's in camera review of the victim's DCYF and counseling records. First, the defendant argues that the court erred by reviewing the counseling records under State v. Gagne, 136 N.H. 101 (1992), instead of State v. Girard, 173 N.H. 619 (2020). The State contends that Girard clarified the Gagne standard, and that "courts and practitioners frequently refer to this standard as just the Gagne standard."

[¶15] In Gagne, we set forth a two-step inquiry for conducting in camera review. See Gagne, 136 N.H. at 105-06. First, we held that in order to trigger in camera review of confidential or privileged records, the defendant must establish a reasonable probability that the records contain information that is material and relevant to his defense. Id. at 105. Second, we determined that the trial court must disclose to the defense confidential material that contains evidence that is "'essential and reasonably necessary' to the defense." Id. at 106.

[¶16] In Girard, leaving the first step of this inquiry "unaltered," we "clarif[ied] the meaning of the 'essential and reasonably necessary' standard employed in Gagne to determine whether confidential records must be disclosed." Girard, 173 N.H. at 628. We specified that in reviewing the records, the trial court must determine if material and relevant evidence is in fact contained in the records. Id. We explained that:

> "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." N.H. R. Ev. 401. The United States Supreme Court has explained that evidence "is material only if there is a reasonable probability that" disclosure of the evidence will produce a different result in the proceeding. United States v. Bagley, 473 U.S. 667, 682 (1985); see United States v. Agurs, 427 U.S. 97, 104 (1976) ("[I]mplicit in the requirement of materiality is a concern that the suppressed evidence might have affected the outcome of the trial."); State v. Olah, 184 A.3d 360, 368-69 (Me. 2018) (requiring disclosure of privileged records that are "favorable to the accused and material to guilt or punishment" (quotation omitted)). "A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." Bagley, 473 U.S. at 682.

5

Girard, 173 N.H. at 628-29.  Thus, Girard did not eliminate the two-step inquiry set forth in Gagne; rather, it clarified the second step of the inquiry.

[¶17] Here, the trial court issued orders regarding both the DCYF records and the counseling records, stating that it assessed whether the records were "discoverable under the applicable standards." (Emphasis added.)  In response to the defendant's request that the court reconsider its decision on the counseling records, the court stated that "it applied the appropriate standard under Gagne and found that there was nothing in there that warranted being disclosed."  Under these circumstances, we are not persuaded that the court applied the wrong standard of review.

[¶18] Next, the defendant argues that the trial court may have erred in failing to disclose any material from the victim's counseling records and in not disclosing more of the DCYF records reviewed in camera.  We review a trial court's ruling on the management of discovery to determine whether its decision is sustainable.  State v. Paul, 176 N.H. 262, 270 (2023).  When a defendant argues on appeal that a trial court's ruling regarding the disclosure of privileged records is unsustainable, we must review the same records and determine whether the ruling was clearly unreasonable or untenable to the prejudice of his case.  Id.  After reviewing the records that were examined by the trial court, we conclude that the court's decisions regarding these records were not clearly unreasonable or untenable to the prejudice of the defendant's case.  See id.  Accordingly, we find no error.

Affirmed.

BASSETT, DONOVAN, and COUNTWAY, JJ., concurred.